SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**501**

**CA 11-01602**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE INTERIM ACCOUNTING OF
LAMISE KADAH CARANO, AS EXECUTOR, AND THE
FINAL ACCOUNTING OF WARREN W. BADER, PUBLIC
ADMINISTRATOR, AS ADMINISTRATOR C.T.A. OF THE
ESTATE OF ANN M. KADAH, ALSO KNOWN AS ANN KADAH,
DECEASED.                                    MEMORANDUM AND ORDER
-------------------------------------------------
LAMISE KADAH CARANO, PETITIONER-APPELLANT;

RONALD B. KADAH, OBJECTANT-RESPONDENT.

---

WHITTEMORE LAW FIRM, RENO, NEVADA (F. HARVEY WHITTEMORE, OF THE NEVADA
BAR, ADMITTED PRO HAC VICE, OF COUNSEL), AND GILBERTI STINZIANO HEINTZ
& SMITH, P.C., SYRACUSE, FOR PETITIONER-APPELLANT.

BOND, SCHOENECK & KING, PLLC, SYRACUSE (RICHARD L. WEBER OF COUNSEL),
FOR OBJECTANT-RESPONDENT.

---

Appeal from an order of the Surrogate's Court, Onondaga County
(John J. Elliott, S.), entered April 12, 2011. The order, inter alia,
granted the motion of objectant for summary judgment on various
objections made with respect to petitioner's intermediate accountings,
imposed surcharges on petitioner, and ordered petitioner to reimburse
objectant $35,000 for counsel fees.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying objectant's motion for
summary judgment with respect to objections 13, 14, 15, 17, 18, 26,
30, 31, and 32 and supplemental objections 5, 14, 15, 16, 29 and 39,
and vacating the sixth ordering paragraph, and as modified the order
is affirmed without costs.

Memorandum: Petitioner, the former executor of decedent's
estate, appeals from an order that, inter alia, granted the motion of
objectant for summary judgment on various objections made with respect
to petitioner's intermediate accountings, surcharged petitioner based
on those objections, ordered petitioner to reimburse objectant $35,000
for counsel fees incurred by him, and imposed statutory interest on
the surcharges. At the outset, we reject petitioner's request to take
judicial notice of the documents attached as an appendix to her
appellate brief. Although those documents are from prior proceedings
relating to this estate, they were not submitted to Surrogate's Court
in connection with the order on appeal (*see* 22 NYCRR 1000.4 [a] [2]),
nor are they part of the stipulated record on appeal (*see* 22 NYCRR
1000.4 [a] [1]).

As limited by her brief, petitioner contends that the Surrogate erred in granting objectant's motion for summary judgment with respect to specified objections and supplemental objections. We reject petitioner's contention that the Surrogate erred in ordering her to pay objectant $35,000 for counsel fees incurred by him. We otherwise agree with petitioner's contentions on appeal, however, and we therefore modify the order accordingly.

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case . . . [, and the f]ailure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). With respect to that part of objectant's motion asserting that petitioner incurred excess counsel fees in the amount of $72,994.28, we conclude that objectant failed to meet his initial burden of establishing that any of those fees were excessive or otherwise unwarranted. In support of the motion, objectant merely listed the total legal fees paid or expected to be paid to each law firm that provided services in this estate proceeding, including those fees incurred or expected to be incurred after petitioner was replaced as executor. Objectant then summarily suggested a lower total amount for such fees, and requested that all fees in excess of that amount be surcharged to petitioner. We conclude that objectant thereby failed to establish his entitlement to judgment on his objections and supplemental objections asserting that petitioner had incurred excessive legal fees, i.e., objections 13 through 15 and 30 through 32, as well as supplemental objections 14 through 16 and 39.

We further agree with petitioner that the Surrogate erred in granting objectant's motion with respect to objection 26 and supplemental objection 29 and surcharging petitioner for estate tax penalties and interest incurred by the estate arising from the late filing of estate tax returns and the late payment of estate taxes. While objectant met his initial burden with respect thereto, petitioner raised an issue of fact by, inter alia, presenting evidence that she relied on the advice of counsel with respect to estate tax matters and that objectant refused to consent to a business plan intended to reduce the estate's tax liability (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Petitioner also raised an issue of fact whether certain paintings at Daedalus Drive in Cicero are the property of the estate, and thus the Surrogate erred in granting objectant's motion with respect to supplemental objection 5, concluding instead that those paintings are the property of a specified corporation. In addition, the Surrogate erred in granting objectant's motion with respect to objections 17 and 18, inasmuch as petitioner raised an issue of fact whether the expenses for a printer and office supplies that she incurred while she served as executor were warranted.

Finally, although we reject petitioner's contention that the Surrogate imposed a double penalty by ordering her to pay a portion of

the counsel fees incurred by objectant in the fifth ordering paragraph, we agree with her that the Surrogate's award of statutory interest on the surcharges constituted an unfair penalty (*see Matter of Acker*, 128 AD2d 867, 867-868).  We therefore vacate the sixth ordering paragraph.

Entered:  June 15, 2012                           Frances E. Cafarell
                                                  Clerk of the Court